IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America,<br><br>vs.<br><br>Alejandro Longoria,<br>                Defendant. | Criminal No. 3:07-505-CMC<br><br>**OPINION AND ORDER** |

This case comes before the court on Defendant's *pro se* Motion Pursuant to the First Step Act of 2018. ECF No. 849. Defendant requests appointment of counsel to determine whether he is eligible for relief under the First Step Act. For the reasons explained below, Defendant's motion is denied.

Defendant was charged in a Second Superseding Indictment on November 7, 2007, with six counts. ECF No. 19. Defendant entered into a Plea Agreement to plead guilty to Counts 1 and 34 of the Second Superseding Indictment, specifically, conspiracy to distribute 50 grams or more of cocaine base, 5 kilograms or more of cocaine, and 100 kilograms or more of marijuana; and conspiracy to launder money. ECF No. 455. He entered a guilty plea on November 27, 2007. ECF No. 457. He was sentenced on July 1, 2008, to 292 months' imprisonment and ten years' supervised release (if not deported upon release from imprisonment). ECF No. 622. On November 30, 2015, an Amended Judgment was entered pursuant to Amendment 782, reducing Defendant's sentence to 235 months. ECF No. 798.

In 2010, Congress passed the Fair Sentencing Act to reduce the disparity in the treatment of cocaine base and powder cocaine offenses by increasing the quantities of <u>cocaine base</u> required to trigger 21 U.S.C. §§ 841(b)(1)(A) and (B). *See* Pub. L. No. 111-220, 124 Stat. 2372 (emphasis added). The First Step Act of 2018 applied these provisions of the Fair Sentencing Act

retroactively. *See* Pub. L. No. 115-391, 132 Stat. 5194. Under § 404 of the First Step Act, a court that imposed a sentence for an offense covered under the Fair Sentencing Act "may, on motion of the defendant, . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the offense was committed." *Id.* Consideration for a reduction in sentence is not available under the First Step Act "if the sentence was previously imposed . . . in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010." *Id.* at §404(b).

A motion under the First Step Act on Defendant's behalf would fail.[1] Defendant did not admit to Count 1 as to cocaine base, but only as to cocaine and marijuana; he denied having any knowledge that members of the conspiracy intended to convert some of the cocaine to crack cocaine. ECF No. 676 at 24:9-29:4. Therefore, the court accepted his plea to Count one based only on his "personal involvement in five kilos or more of cocaine and 100 kilos or more of marijuana." *Id.* at 29:1-4. Statutory penalties for convictions involving cocaine or marijuana were not reduced by the First Step Act. Further, Defendant received a concurrent sentence of the same length on Count 34, conspiracy to launder money. Accordingly, Defendant's motion for appointment of counsel regarding eligibility under the First Step Act (ECF No. 849) is denied.

---

[1] The Federal Public Defender has reviewed Defendant's case, and informed the court that office would not be filing a motion under the First Step Act on Defendant's behalf.

**IT IS SO ORDERED**.

                                                                s/Cameron McGowan Currie
                                                                CAMERON MCGOWAN CURRIE
                                                                Senior United States District Judge

Columbia, South Carolina
May 21, 2019