IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America, <br><br> vs. <br><br> Alejandro Longoria, <br>               Defendant. | Criminal No. 3:07-505-CMC <br><br> **OPINION AND ORDER** |

This case comes before the court on Defendant's second *pro se* Motion Pursuant to the First Step Act of 2018.[1] ECF No. 854. Defendant argues "he was sentenced as if he has possessed and distributed cocaine base "crack" regardless of the Court's finding that he did not plead guilty to the offense of "crack" which should be an important factor to the Court and which could allow a reduction in sentence . . ." *Id.* at 4. For the reasons explained below, Defendant's motion is denied.

As noted in the court's prior order (ECF No. 852), Defendant pled guilty to Counts 1 and 34 of the Second Superseding Indictment, specifically, conspiracy to distribute 50 grams or more of cocaine base, 5 kilograms or more of cocaine, and 100 kilograms or more of marijuana; and conspiracy to launder money. ECF No. 455.

The Fair Sentencing Act was passed to reduce the disparity in the treatment of cocaine base and powder cocaine offenses by increasing the quantities of <u>cocaine base</u> required to trigger 21 U.S.C. §§ 841(b)(1)(A) and (B). *See* Pub. L. No. 111-220, 124 Stat. 2372 (emphasis added).

---

[1] Defendant's first motion requested appointment of counsel (ECF No. 849), and was denied because a motion under the First Step Act would fail as Defendant also admitted guilt as to cocaine and marijuana, and denied knowledge that other members of the conspiracy intended to convert the powder to crack cocaine (ECF No. 852).

Defendant admitted conduct regarding cocaine and marijuana, but not cocaine base. The court accepted his plea to Count one based only on his "personal involvement in five kilos or more of cocaine and 100 kilos or more of marijuana." ECF No. 676 at 29:1-4. Even if Defendant had admitted the offense conduct as to cocaine base as well, that would not change the result of this motion because Defendant admitted as to cocaine and marijuana, which were not affected by the First Step Act.

Defendant appears to argue that because cocaine base weight was included in his guideline calculation, he should receive the benefit of the First Step Act. However, the guideline calculations in the PSR do not determine a statutory penalty for the offense of conviction (which is what was changed by the First Step Act), and can include relevant conduct, such as co-defendants' involvement with crack cocaine. Even if Defendant was sentenced based in part on an amount of cocaine base distributed by the conspiracy members and found in the PSR, this does not mean he is eligible for relief under the First Step Act.

Further, Defendant received a concurrent sentence of the same length on Count 34, conspiracy to launder money. Accordingly, Defendant's motion for relief under the First Step Act (ECF No. 854) is denied.

**IT IS SO ORDERED**.

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
September 3, 2019